## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

IN RE:   GANNON JOSEPH BURLEIGH                    CASE NO. 21-50724


       DEBTOR                                                        CHAPTER 7

## MOTION FOR RELIEF FROM AUTOMATIC STAY AND FOR ABANDONMENT (REAL PROPERTY)

**Carrington Mortgage Services, LLC as servicer for Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust F** ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay and for abandonment, with respect to certain real property of the Debtor(s) being described as ***328 Herlil Circle, Carencro, Louisiana 70520*** (the "Property").  In further support of this Motion, Movant respectfully states:

1.      A petition under Chapter 7 of the United States Bankruptcy Code was filed with respect to the Debtor(s) November 23, 2021.

2.      Debtor(s) has/have executed and delivered or is/are otherwise obligated with respect to that certain promissory note in the original principal amount of $153,061.00 (the "Note").  A copy of the Note is attached hereto as Exhibit 1.  Movant is an entity entitled to enforce the Note.

3.      As evidenced by the assignments, indorsements, and/or alonges attached to the Note, the Note was transferred to Movant as follows:  The Promissory Note was made payable to IBERIABANK Mortgage Company, but was subsequently indorsed to JPMorgan Chase Bank, N.A., who further indorsed the Promissory Note, in Blank, to Movant.  See Exhibit 1 hereto.

4.      Pursuant to that certain Mortgage (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor(s) under and with respect to the Note and the Mortgage are secured by the Property.  The lien created by the Mortgage was perfected by recording of the Mortgage in the office of the Lafayette Parish Clerk of Court on June 10, 2013, File Number: 2013-00023581.  A copy of the recorded Mortgage is attached hereto as Exhibit 2.

5.      Debtor(s) executed a promissory note secured by a mortgage or deed of trust.  The promissory note is either made payable to Creditor or has been duly indorsed.  Creditor, directly or through an agent, has possession of the promissory note.  Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

6.      All rights and remedies under the Mortgage have been assigned to the Movant pursuant to that certain assignment of mortgage, a copy of which is attached hereto as Exhibit 3.

7.      Carrington Mortgage Services, LLC services the loan on the Property referenced in this Motion.  In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor(s) obtain(s) a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant.  Movant, directly or through an agent, has possession of the Note.  The Note is either made payable to Movant or has been duly endorsed.

8.      As of **December 1, 2021**, the outstanding amount of the Obligations less any partial payments or suspense balance is $155,458.07.

9.     The following chart sets forth the number and amount of contractual payments due pursuant to the terms of the Note that have been missed by the Debtor(s) as of *December 1, 2021*:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 17 | 04/01/2019 | 08/01/2020 | $880.26 | $14,964.42 |
| 6 | 09/01/2020 | 02/01/2021 | $831.43 | $4,988.58 |
| 4 | 03/01/2021 | 06/01/2021 | $834.24 | $3,336.96 |
| 6 | 07/01/2021 | 12/01/2021 | $837.33 | $5,023.98 |
| Less contractual partial payments (suspense balance):        ($0.00) | | | | |

**Total: $28,313.94**

10.     The estimated market value of the Property is $185,000.00. The basis for such valuation is the debtor's filed Schedules A/B & D.

11.     Upon information and belief, the encumbrances on the Property listed in the Schedules or otherwise known, including but not limited to the encumbrances granted to Movant, are: (i) Movant (**$155,458.07**) and (ii) Gulf Coast Bank ($29,000.00)**.**

12.     No payments have been made on the account since the filing of these bankruptcy proceedings.

13.     Movant alleges and avers that the herein described immovable property has little to no equity and/or is of inconsequential value to the bankrupt estate and is unworthy of administration and/or disposition by the Trustee and should be abandoned from said bankrupt estate.

14.     Cause exists for relief from the automatic stay for the following reason:

(a)     Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Abandonment and Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4. For such other relief as the Court deems proper.

Movant understands and agrees that if the noticed hearing date is more than thirty days from the date of notice and from the filing of this motion, the automatic stay will remain in full force and effect pending the hearing on this Motion on January 4, 2022.

Baton Rouge, Louisiana, this 2nd day of December, 2021.

RESPECTFULLY SUBMITTED:

LAW OFFICES OF HERSCHEL C. ADCOCK, JR.
BY: /S/ HERSCHEL C. ADCOCK, JR.
HERSCHEL C. ADCOCK, JR. (LBRN: 17903)
ALICIA B. COOK (LBRN: 33072)
P. O. BOX 87379
BATON ROUGE, LA 70879-8379
PHONE: (225) 756-0373
OUR FILE: 39528.B